# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ross Jenkins,**
**Petitioner Below, Petitioner**

**vs.)**    **No. 19-0507** (Marion County 19-C-34)

**J.T. Binion, Superintendent, Huttonsville**
**Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**August 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ross Jenkins, self-represented litigant, appeals the April 29, 2019, order of the Circuit Court of Marion County denying his fifth petition for a writ of habeas corpus. Respondent J.T. Binion, Superintendent, Huttonsville Correctional Center, by counsel Karen C. Villanueva-Matkovich, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 4, 1995, petitioner was convicted by a Marion County Circuit Court jury of one count of burglary and two counts of second-degree sexual assault. Thereafter, on November 8, 1995, petitioner was found by a separate jury to be a habitual offender pursuant to the recidivist statute, West Virginia Code §§ 61-11-18 and 61-11-19. In subsequent proceedings not relevant here, by a resentencing order entered on December 12, 2018,[1] petitioner was sentenced to consecutive terms of incarceration of one to fifteen years for one count of burglary, of ten to twenty-five years for one count of second-degree sexual assault, and of a life recidivist sentence—

---

[1]Rule 35(a) of the West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[t]he court may correct an illegal sentence at any time[.]"

1

with the possibility of parole after fifteen years—on the second count of second-degree sexual assault with credit for 8,506 days served in prison.[2]

On March 27, 1997, petitioner filed his first petition for a writ of habeas corpus in the circuit court. An attorney was appointed to represent petitioner, and counsel filed an amended petition on August 13, 1998. In the amended petition, petitioner alleged that the State used perjured testimony by the arresting officer before the grand jury.[3] Following omnibus hearings in 1999 and 2000, by order entered on October 5, 2001, the circuit court denied the amended petition. Petitioner appealed the circuit court's October 5, 2001, order, and this Court refused the appeal on September 19, 2002.

Subsequently, on December 18, 2017, petitioner filed the instant habeas petition—his fifth—raising the following ground for relief:

At no [time] before, during, after the [February 22, 1999,] habeas hearing[,] did . . . [p]etitioner's habeas counsel . . . make a motion to the habeas court for a new trial or dismissal of the charges in light of [the arresting officer]'s testimony at the grand jury that indicated an illegal pretrial identification had been made by the alleged victim[.]

By order entered on April 29, 2019, the circuit court found that it could rule on the instant habeas petition without a hearing. The circuit court first denied petitioner's claim pursuant to the doctrine of res judicata, finding that the claim raised in the instant petition was previously adjudicated in petitioner's first habeas proceeding. The circuit court further denied the claim on its merits pursuant to the applicable test for determining ineffective assistance of counsel.

Petitioner now appeals the circuit court's April 29, 2019, order denying the instant petition. This Court reviews a circuit court order denying a habeas petition under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

---

[2]On January 11, 2019, petitioner filed an appeal of the circuit court's December 12, 2018, resentencing order, and this Court affirmed the December 12, 2018, order in *State v. Jenkins*, No. 19-0026, 2020 WL 3408320 (W. Va. June 18, 2020) (memorandum decision).

[3]The other grounds for habeas relief raised in the August 13, 1998, amended petition were: (1) ineffective assistance of trial counsel; (2) double jeopardy; (3) unconstitutional evidentiary rulings; (4) inadequate jury instructions; (5) prejudicial statements by the prosecution; (6) insufficient evidence; (7) suppression of helpful evidence; (8) irregularities in petitioner's arrest; (9) failure to produce the indictment to petitioner; and (10) non-production of witness notes.

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's *fifth* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), in which this Court held, in pertinent part, that "[a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known," but that "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]"

On appeal, petitioner argues that the circuit court erred in denying the instant habeas petition prior to a hearing and the appointment of counsel because he raised the issue of ineffective assistance of habeas counsel. Respondent counters that the circuit court properly denied the petition. We agree with respondent. In *Anstey*, we reiterated that:

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, *Anstey*, 237 W. Va. at 412, 787 S.E.2d at 865.

Here, the circuit court noted that the instant petition was petitioner's fifth habeas petition and found that it could rule on the petition without a hearing for the reasons noted in its order. Having reviewed the circuit court's April 29, 2019, "Final Order Denying Relief Sought In Petition For Writ Of Habeas Corpus," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions, which we find address petitioner's assignments of error.[4] The Clerk is directed to attach a copy of the April 29, 2019, order to this memorandum decision.[5] Accordingly, we conclude that the circuit court's denial of the instant petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's April 29, 2019, order denying petitioner's fifth petition for a writ of habeas corpus.

Affirmed.

---

[4]To the extent that petitioner raises on appeal claims of ineffective assistance of habeas counsel not presented to the circuit court, we decline to address those issues. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

[5]The victim's name has been redacted.

**ISSUED**: August 28, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

/s/ David R. Janes
Circuit Court Judge
Ref. Code: 190FCR0B

E-FILED | 4/29/2019 9:12 AM
CC-24-2019-C-34
Marion County Circuit Clerk
Rhonda Starn

## In the Circuit Court of Marion County, West Virginia

ROSS JENKINS,  )
Plaintiff,  )
  )
vs.)  )   Case No. CC-24-2019-C-34
  )
MICHAEL MARTIN, WARDEN,  )
Defendant  )
  )

### FINAL ORDER DENYING RELIEF SOUGHT IN PETITION FOR WRIT OF HABEAS CORPUS

On December 18, 2017, the petitioner, Ross Jenkins, *pro se*, filed a "Petition Under W.Va. Code § 53-4A-1 For Writ of Habeas Corpus." This is Mr. Jenkins' fifth petition for habeas corpus relief, which seeks to vacate his conviction upon on the sole ground of ineffective assistance of habeas counsel.

After due consideration of the petition, reviewing the entire court files in Case Nos. 95-F-5, 12-C-224, 14-C-267 and 16-C-168, and after fully researching the legal issues presented, this Court is of the opinion that the relief sought in this habeas petition should be denied, without the necessity of a hearing. In support of this ruling, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1.      Mr. Jenkins' case has a long procedural history, beginning on January 10, 1995, when Mr. Jenkins was arrested for the sexual assault of                      occurring on January 8, 1995. Criminal Case History and Criminal Complaint – Docket #2 - State v. Ross Jenkins (95-F-5). Attorney Shirley Stanton was appointed to represent Mr. Jenkins. Order Appointing Counsel – Docket #2 - State v. Ross Jenkins (95-F-5).

2.      On the February 14, 1995, Mr. Jenkins was indicted by the Marion County grand jury during its February 1995 Term of Court for Two (2) Counts of Second Degree Sexual

Assault and One (1) Count of Burglary. Indictment – Docket #1 - State v. Ross Jenkins (95-F-5).

3.  On August 28, 1995, Ms. Stanton filed a motion to suppress evidence or testimony pertaining to the pre-trial identification of Mr. Jenkins by             and Margaret Wildman, and to suppress any in-court identification of Mr. Jenkins by             and Ms. Wildman arguing that the photo array identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Motion to Suppress Evidence – Docket #21 - State v. Ross Jenkins (95-F-5). That motion was denied and the photo array was determined to be admissible. Clerk Notes – Docket #26 - State v. Ross Jenkins (95-F-5).

4.  Mr. Jenkins was tried by a jury on September 5th and 6th, 1995. Trial Order – Docket #93 - State v. Ross Jenkins (95-F-5).

5.  On September 6, 1995, the jury returned a verdict of guilty against Mr. Jenkins on all three (3) counts of the indictment. Trial Order – Docket #93 - State v. Ross Jenkins (95-F-5).

6.  On September 18, 1995, Ms. Stanton filed a motion for judgment of acquittal, arguing that the identifications of             and Ms. Wildman were clearly in error, flawed, and both identified the assailant as being "clean shaven," while Mr. Jenkins had a bushy mustache at the time. Ms. Stanton again argued that the photo array procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Defendant's Motion For Judgment of Acquittal– Docket #51 - State v. Ross Jenkins (95-F-5). That motion was denied by the Court on October 23, 1995, following a post-trial motions hearing. Post Trial Motions Order– Docket #98 - State v. Ross Jenkins (95-F-5)

7.  On October 4, 1995, the State filed an Information of Prior Felony Convictions and Felony Sentences of the Defendant, charging Mr. Jenkins as a recidivist. Information–

Docket #58 - State v. Ross Jenkins (95-F-5).

8.    Mr. Jenkins' trial on the recidivist information was conducted on November 8, 1995. The jury returned a verdict of guilty. Habitual Criminal/Recidivist Trial Order– Docket #106 - State v. Ross Jenkins (95-F-5).

9.    On February 16, 1996, the Court conducted a sentencing hearing. Mr. Jenkins was sentenced to confinement in the West Virginia State Penitentiary for an indeterminate period of not less than one (1) year nor more than fifteen (15) years on Count I of the Indictment charging him with Burglary; an indeterminate period of not less than ten (10) years nor more than twenty-five (25) years on Count II of the Indictment charging him with Second Degree Sexual Assault; and an indeterminate period of not less than ten (10) years nor more than twenty-give (25) years on Count III of the Indictment charging him with Second Degree Sexual Assault, with credit for time previously served in the amount of one hundred and seventy-four (174) days, with said sentences to run consecutive. Further, pursuant to the State's filing of the Information of Prior Felony Convictions and Felony Sentences and pursuant to the juries' verdicts thereon, (that Mr. Jenkins had twice previously been convicted of felonies), the Court sentenced Mr. Jenkins to one (1) life sentence in the State Penitentiary under the habitual criminal offender statute. Sentencing Order – Docket #121 - State v. Ross Jenkins (95-F-5). Subsequently, the State moved to withdraw its recidivist information at sentencing and the Court granted the motion. The Court reinstated its original sentence, effectively sentencing the petitioner to an aggregate term of twenty-one to sixty-five years in the State Penitentiary.

10.    On April 26, 1996, attorney Pamela R. Folickman was appointed to represent Mr. Jenkins on appeal. Order Appointing Counsel For Appeal – Docket #125 - State v. Ross Jenkins (95-F-5). Ms. Folickman appealed Mr. Jenkins' conviction and sentence to the West Virginia Supreme Court of Appeals on September 30, 1996. Petition For Appeal – Docket #133 - State v.

Ross Jenkins (95-F-5). Mr. Jenkins' appeal raised four grounds, including: (1) defense counsel's failure to poll jury regarding an article published about the trial on the second day of trial; (2) failure of the trial court to include Mr. Jenkins' jury instruction regarding witness identification factors; (3) failure to conduct forensic testing of the victim's rape kit and the ball cap collected from the scene; and (4) cumulative errors. The appeal was refused by the West Virginia Supreme Court of Appeals by Order entered on January 22, 1997. Appeal Refusal Order– Docket #136 - State v. Ross Jenkins (95-F-5).

11. Mr. Jenkins filed his first *pro se* petition for relief under the West Virginia Post-Conviction Habeas Corpus Act on March 27, 1997. Habeas Petition– Docket #137 - State v. Ross Jenkins (95-F-5). The *pro se* petition was forwarded to the prosecutor, as well as Ms. Folickman who was appointed to represent Mr. Jenkins post-conviction.

12. On August 13, 1998, Attorney Christy Harden Smith, an attorney with the law office of Pamela Folickman, filed Mr. Jenkins' amended Petition for Post-Conviction Writ of Habeas Corpus. In his petition, Mr. Jenkins raised the following grounds: (1) ineffective assistance of counsel; (2) double jeopardy/severer sentence than expected/excessive sentence; (3) constitutional errors in evidentiary rulings; (4) refusing one of defendant's instructions to the jury; (5) claims of prejudicial statements by the Prosecuting Attorney/improper communication between the Prosecutor and the jury; (6) sufficiency of evidence; (7) prejudicial statement made by the arresting officer to the Grand Jury/State's use of perjured testimony/information in pre-sentence report erroneous/challenges to Grand Jury; (8) suppression of helpful evidence; (9) irregularities in arrest; (10) failure to provide indictment to defendant; (11) refusal to turn over witness notes; and (12) failure of defendant's trial counsel to satisfy the requirements of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution. Petition For Post-Conviction Writ of Habeas Corpus – Docket #151 - State v. Ross

Jenkins (95-F-5); Losh List – Docket #175 - State v. Ross Jenkins (95-F-5).

13.     The Court held a hearing on Mr. Jenkins' DNA forensic testing results, previously ordered by the Court, on August 17, 1998. At the conclusion of that hearing, the Court found that Mr. Jenkins had failed to prove his case using the DNA results. The remainder of Mr. Jenkins habeas claims were to be scheduled and heard at a later time. Clerk Notes – Docket #153 - State v. Ross Jenkins (95-F-5).

14.     The Court conducted omnibus habeas corpus proceedings on February 22, 1999, July 17, 2000, May 1, 2000, and August 31, 2000. During those proceedings, the Court heard testimony from Soraya McClung, Bruce Toothman, Ross Jenkins, Detective Russell Talerico, Dr. Robert Thompson, Shirley Stanton, and Sgt. Dan Jackson.

15.     On October 5, 2001, the Court entered a final order denying the relief sought in Mr. Jenkins' writ of habeas corpus. Opinion/Final Order Denying Relief Sough In Petition For Writ of Habeas Corpus – Docket #212 - State v. Ross Jenkins (95-F-5).

16.     On April 10, 2002, Mr. Jenkins' newly appointed appellate counsel, attorney Natalie J. Sal, filed an appeal of this Court's decision denying Mr. Jenkins' writ. Order Appointing Counsel and Extending Time to File Appeal– Docket #265 - State v. Ross Jenkins (95-F-5); Green Card for Appeal – Docket #266 - State v. Ross Jenkins (95-F-5). The appeal was refused by the West Virginia Supreme Court of Appeals on September 19, 2002. Order of Refusal – Docket #268 - State v. Ross Jenkins (95-F-5).

17.     On June 21, 2012, Mr. Jenkins filed a second *pro se* petition for writ of habeas corpus raising the following grounds for relief: (1) excessive sentence; (2) severer sentence than expected; (3) violation of Article VIII of the West Virginia Constitution and statutory provisions of the right to petition for appeal; (4) violation of West Virginia Code § 62-12-3; (5) violation of Article III of the West Virginia Constitution against cruel and unusual punishment; and (6)

ineffective assistance of trial counsel. Petition For Writ of Habeas Corpus – Docket #1 – Ross E. Jenkins v. Marvin Plumley, Warden (12-C-224). The Court summarily denied the relief sought in the petition by order dated September 13, 2012. Final Order Denying Relief in Petition For Writ of Habeas Corpus – Docket #7 – Ross E. Jenkins v. Marvin Plumley, Warden (12-C-224).

18. On November 21, 2012, the petitioner filed a *pro se* motion for correction of sentence pursuant to Rule 35(a) of the West Virginia Rules of Civil Procedure. Motion for Correction of Sentence – Docket #300 - State v. Ross Jenkins (95-F-5). Attorney Fran Whiteman was appointed to represent Mr. Jenkins on his motion. The Court conducted a hearing on October 23, 2013, at which the parties agreed that the State should not have been allowed to withdraw the recidivist information at sentencing. The Court found that the petitioner's original sentence was illegal and by law must be corrected. By order dated December 2, 2013, Mr. Jenkins was sentenced to a term of incarceration of one (1) to fifteen (15) years for one count of burglary, ten (10) to twenty-five (25) years for one count of second degree sexual assault, and a recidivist life sentence (with the possibility of parole after fifteen (15) years) on the second count of second degree sexual assault, with said sentences to run consecutively. Mr. Jenkins was given 6,632 days of credit for time served, with a parole eligibility date of August 27, 2021. Sentencing Order – Docket #318 - State v. Ross Jenkins (95-F-5). The sentencing order was amended on December 9, 2013, to provide for Ms. Whiteman's signature. Amended Sentencing Order – Docket #319 - State v. Ross Jenkins (95-F-5).

19. Mr. Jenkins filed a third *pro se* petition for writ of habeas corpus on September 8, 2014, raising the following grounds for relief: (1) violation of petitioner's right to effective assistance of counsel at the sentencing hearing; and (2) violation of petitioner's rights under Article III, §5 of the West Virginia Constitution and the Fifth Amendment to the United States Constitution (double jeopardy). Amended Petitioner For Writ of Habeas Corpus – Docket #3 –

Ross Jenkins v. Marvin Plumley, Warden (14-C-267). By order dated September 12, 2014, the Court summarily denied the petition. Order Denying Petition For Writ of Habeas Corpus – Docket #4 – Ross Jenkins v. Marvin Plumley, Warden (14-C-267). The West Virginia Supreme Court of Appeals affirmed the decision by memorandum opinion entered on June 26, 2015. Memorandum Decision – Docket #10 – Ross Jenkins v. Marvin Plumley, Warden (14-C-267).

20.     Mr. Jenkins appealed the amended sentencing order to the West Virginia Supreme Court of Appeals. By Memorandum Decision on October 20, 2014, the Court agreed that the petitioner's original sentence was illegal; however, the Court found that the petitioner's new sentence did not violate double jeopardy principles and the Circuit Court's corrected sentence was affirmed. Memorandum Decision– Docket #325 - State v. Ross Jenkins (95-F-5).

21.     On December 7, 2015, Mr. Jenkins filed a *pro se* writ of habeas corpus with the United States District Court for the Northern District of West Virginia, alleging ineffective assistance of counsel at the October 23, 2013 sentencing hearing. Report and Recommendation – Ross Jenkins v. Marvin Plumley, Warden (Civil Action No. 5:15cv159).

22.     On July 14, 2016, Mr. Jenkins filed his fourth *pro se* petition for writ of habeas corpus, raising the following grounds for relief: (1) violation of the due process clause of the Fourteenth Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution. Mr. Jenkins alleged that the Court vindictively increased his sentence. Petition for Writ of Habeas Corpus – Docket #4 – Ross Jenkins v. Marvin Plumley, Warden (16-C-168). This Court entered a final order summarily denying the relief sought in the petition on April 18, 2017. Final Order Denying Relief Sough in Petition for Writ of Habeas Corpus– Docket #15 – Ross Jenkins v. Marvin Plumley, Warden (16-C-168).

23.     Subsequently, by order dated March 23, 2017, the United States District Court

adopted the Federal Magistrate Judge's recommendation to grant Mr. Jenkins federal habeas petition, finding that attorney Francis Whiteman provided ineffective assistance of counsel at the sentencing hearing on October 23, 2013. The United States District Court remanded the matter back to this Court to conduct a new sentencing hearing. Memorandum Opinion and Order – Ross Jenkins v. Marvin Plumley, Warden (Civil Action No. 5:15cv159). A copy of the decision was never provided to this Court and this Court was not put on notice of the District Court's decision until it received a letter from the defendant on August 17, 2017, requesting new counsel, with an attached copy of the District Court's order. Letter From Defendant Requesting New Counsel– Docket #330 - State v. Ross Jenkins (95-F-5).

24. On September 18, 2017, the Court appointed attorney Scott Shough to represent Mr. Jenkins at resentencing. Order Appointing Counsel– Docket #331 - State v. Ross Jenkins (95-F-5).

25. Mr. Jenkins filed his current and fifth *pro se* petition for habeas relief on December 18, 2017. The sole ground raised in his petition is ineffective assistance of habeas counsel. The petition was stayed pending Mr. Jenkins' resentencing. Petition for Writ of Habeas Corpus – Docket #4 – Ross Jenkins v. Michael Martin, Warden (19-C-34).

26. On January 20, 2018, the Court conducted a resentencing hearing. Mr. Jenkins requested that he be appointed new counsel. There being no objection, the Court continued sentencing. Clerk Notes– Docket #338 - State v. Ross Jenkins (95-F-5).

27. The Court substituted attorney Brent Cameon to represent Mr. Jenkins at sentencing. Order Substituting Counsel– Docket #339 - State v. Ross Jenkins (95-F-5). Mr. Cameon filed a motion to reinstate Mr. Jenkins' original sentence on September 5, 2018. The Court conducted a hearing on the motion on December 10, 2018. Motion to Reinstate Original Sentence Pursuant to Habeas Corpus – Docket #348 - State v. Ross Jenkins (95-F-5).

28.     On December 12, 2018, the Court reconvened for the resentencing hearing and found that the original sentence was illegal and denied Mr. Cameon's motion. The Court sentenced Mr. Jenkins to a term of incarceration of one (1) to fifteen (15) years for burglary, ten (10) to twenty-five (25) years for one count of second degree sexual assault, and a recidivist life sentence (with the possibility of parole after fifteen (15) years) on the second count of second degree sexual assault, with said sentences to run consecutively. The aggregate sentence was twenty-six (26) years to life. Resentencing Order Following Hearing on Defendant's Motion to Reinstate Original Sentence– Docket #356 - State v. Ross Jenkins (95-F-5).

29.     Mr. Cameon filed Mr. Jenkins' notice of appeal with the West Virginia Supreme Court of Appeals on January 11, 2019. The appeal has been filed with the Supreme Court for its consideration and is still pending. Scheduling Order– Docket #357 - State v. Ross Jenkins (95-F-5) ; Appeal Brief– Docket #358 - State v. Ross Jenkins (95-F-5).

30.     On February 13, 2019, the Court received a letter from Mr. Jenkins concerning the status of his pending habeas petition. After conducting an initial review of the petition as required by Rule 4(b) of the Rules Governing Post-Conviction Habeas Corpus Proceedings, (R.H.C.), the Court determined that the petition and the record show to the satisfaction of the Court that Mr. Jenkins is entitled to no relief, and that no evidentiary hearing is necessary.

## Conclusions of Law

1.     West Virginia Code § 53-4A-1(a) provides that:

> [a]ny person convicted of a crime and incarcerated under sentence of imprisonment therefore who contends that . . . the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the common-law or any statutory provision of this State, may, without paying a filing fee, file a petition for a writ of habeas corpus ad subjiciendum, and prosecute the same, seeking release from such illegal imprisonment, correction of the sentence, the setting aside of the plea, conviction and sentence, or other relief, if and only if such contention or contentions and the grounds in fact or law relied upon in support thereof have not been previously and finally adjudicated or waived in the proceedings which resulted in the conviction

and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence.

2.      West Virginia Code § 53-4A-3(a) gives a court authority to refuse to grant a writ of habeas corpus:

> (a) If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence (if any such record or records are part of the official court files of the court with whose clerk the petition is filed or are part of the official court files of any other court within the same judicial circuit as the court with whose clerk such petition is filed and are thus available for examination and review by such court) show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ, and such refusal shall constitute a final judgment. If it appears to such court from said petition, affidavits, exhibits, records and other documentary evidence, or any such available record or records referred to above, that there is probable cause to believe that the petitioner may be entitled to some relief, and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived, the court shall forthwith grant a writ, directed to and returnable as provided in subsection (b) hereof. If any such record or records referred to above are not a part of the official court files of the court with whose clerk the petition is filed or are not part of the official court files of any other court within the same judicial circuit as the court with whose clerk such petition is filed and are thus not available for examination and review by such court, the determination as to whether to refuse or grant the writ shall be made on the basis of the petition, affidavits, exhibits, records and other documentary evidence attached thereto.

3.      West Virginia Code § 53-4A-1(b); (*see also Losh v. McKenzie,* 166 W.Va. 762, 764, 277 S.E.2d 606, 609 (W.Va. 1981) (Neely, J.) (holding that "every person convicted of a crime shall have . . . one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated")), provides that:

> [f]or the purposes of this article, a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been previously and finally adjudicated only when at some point in the proceedings which resulted

in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, there was a decision on the merits thereof after a full and fair hearing thereon and the time for the taking of an appeal with respect to such decision has not expired or has expired, as the case may be, or the right of appeal with respect to such decision has been exhausted, unless said decision upon the merits is clearly wrong.

4.      An omnibus habeas corpus hearing occurs when

(1) an applicant for habeas corpus is represented by counsel or appears pro se having knowingly and intelligently waived his right to counsel; (2) the trial court inquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waived his right to counsel; and, (4) the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding.

Syl. Pt. 1, Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981). This proceeding constitutes an omnibus habeas corpus proceeding; the petitioner has raised all matters known or which with reasonable diligence could have been known to him and the petitioner has knowingly, intelligently, and with advice of counsel, waived those grounds not asserted by him herein.

5.      West Virginia Code § 53-4A-7(c) gives the circuit court in reviewing a habeas corpus petition considerable discretion in fashioning appropriate relief. *See* Carter v. Bordenkircher, 159 W.Va. 717, 226 S.E.2d 711 (W.Va. 1976).

6.      Mr. Jenkins' fifth habeas petition contends that his habeas counsel, Christy Smith and Pamela Folickman, provided deficient assistance in his post-conviction proceedings. Specifically, Mr. Jenkins alleges that Ms. Smith failed to raise in his habeas petition or argue at the evidentiary omnibus hearing that Detective Russell Talerico testified to an improper pretrial identification of Mr. Jenkins before the grand jury. Mr. Jenkins contends that he was paraded in

front of the victim, without his counsel present, following his preliminary hearing in Magistrate Court. Mr. Jenkins contends that the pretrial identification made while he was wearing orange and in shackles and handcuffs, was highly suggestive and a violation of his due process rights to have counsel present.

7.      Article 3, Section 14 of the Constitution of the State of West Virginia assures the right to assistance of counsel in a criminal proceeding, a right also assured by the Sixth Amendment to the Constitution of the United States. "The right of a criminal defendant to assistance of counsel includes the right to effective assistance of counsel." Syl. pt. 1, Cole v. White, 180 W. Va. 393, 376 S.E.2d 599 (1988).

8.      One who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction, must prove the allegation by a preponderance of the evidence. State v. Thomas, 203 S.E.2d 445 (1974).

9.      "[T]he purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation, although that is a goal of considerable importance to the legal system. The purpose is simply to ensure that criminal defendants receive a fair trial." Strickland v. Washington, 466 U.S. 668, 689 (1984).

10.     In order to evaluate whether a defendant has received competent and effective assistance from their counsel, West Virginia has adopted the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   In order to prevail on a claim of ineffective assistance of counsel, a petitioner under the two-prong test must show: "a) Counsel's performance was deficient under an objective standard of reasonableness; and b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, State v. Miller, 194 W. Va. 3, 459 S.E.2d 114 (1995) (referencing Strickland).

11. "In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive [Strickland/Miller standard], but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, State ex rel. Daniel v. Legursky, 195 W. Va. 314, 465 S.E.2d 416 (1995) (citations omitted). A failure to meet the burden of proof imposed by either part of the Strickland/Miller test is fatal to a habeas petitioner's claim.

12. In reviewing counsel's performance, the West Virginia Supreme Court of Appeals has stated:

> [C]ourts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pt. 6, State v. Miller, supra; Syl. Pt. 2, Strogen, supra.

13. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Miller, 194 W. Va. at 15, quoting Strickland, 466 U.S. at 689. See also Syl. Pt. 21, State v. Thomas, 157 W. Va. 640, 203 S.E.2d 445 (1974) (stating that "[w]here a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.")

14. The crux of Mr. Jenkins' petition focuses on his perceived use of inadmissible testimony at grand jury by Detective Talerico, regarding a pre-trial identification made by the victim,            , following Mr. Jenkins' preliminary hearing. Ms. Smith made a similar argument in ground seven of Mr. Jenkins' first habeas petition regarding the testimony given by Detective Talerico before the grand jury; however, the argument was based on the truthfulness or untruthfulness of his testimony, particularly in regard to his testimony concerning where

actually made the identification, whether it was inside the courtroom at the preliminary hearing, or outside the courtroom. That issue was argued not only on February 22, 1999, by Ms. Smith, but also on May 1, 2000, by Ms. Folickman at Mr. Jenkins' omnibus habeas hearings. February 22, 1999 Transcript, Pg. 34-37– Docket #251 - State v. Ross Jenkins (95-F-5); May 1, 2000 Transcript, Pg. 45-47– Docket #236 - State v. Ross Jenkins (95-F-5). The Court in its final order denying Mr. Jenkins' habeas made a finding that Mr. Jenkins had failed to provide evidence of intentional fraud on the part of Detective Talerico and admitted at the omnibus hearing that Detective Talerico probably did not testify maliciously before the grand jury. For that reason, the decision with regard to Detective Talerico's testimony before the grand jury is a final decision on the merits and may not be raised in further subsequent post-conviction petitions.

15. For the same reasons expressed in the prior habeas petition, the Court finds that Mr. Jenkins has failed to provide any evidence that Mr. Talerico's testimony to the grand jury was intentionally fraudulent. Both the United States Supreme Court and the West Virginia Supreme Court of Appeals have stated that the function of the grand jury is not to determine the truth of the charges against the defendant but to determine whether there is sufficient probable cause to require the defendant to stand trial. *See,* Bracy v. U.S., 435 U.S. 1301, 98 S.Ct. 1171, 55 L.Ed.2d 489 (1978); State ex rel. Pinson v. Maynard, 181 W.Va. 662, 665, 383 S.E.2d 844, 847(1989).

16. The West Virginia Supreme Court has stated that "if there was any legal evidence before the grand jury, the court will not inquire into its sufficiency; nor will it quash the indictment in such a case because some illegal evidence was also received." Stewart v. Ballard, No. 14-0300, 2015 WL 570147, at 9 (W. Va. Feb. 9, 2015), *citing*State v. Clark, 64 W. Va. 625, 63 S.E. 402, 404 (1908);*see also Stale ex rel Pinson v. Maynard,* 181 W.Va. at 665–666, 383

S.E.2d at 847–848 ("[e]xcept for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency.").

17.    Having reviewed the transcript of the grand jury proceedings and the trial transcript, this Court finds no evidence of any fraud. Therefore, it is not necessary to inquire into the sufficiency or legality of the evidence presented to the grand jury. The Court finds that there was probable cause to support Mr. Jenkins' indictment. Excluding the testimony regarding

's identification made of Mr. Jenkins outside the preliminary hearing, there was also testimony, *inter alia*, regarding     's photo array identification made shortly after Mr. Jenkins' arrest and prior to his preliminary hearing, as well as, testimony regarding other witness identifications that placed Mr. Jenkins at     's door around the same time the sexual assault occurred. The Court also observed that evidence of     's pre-trial identification made at Mr. Jenkins' preliminary hearing was not used at trial. Accordingly, Mr. Jenkins' arguments regarding the alleged improper testimony of Detective Talerico at the grand jury proceedings are without merit as any errors were corrected at trial, and Mr. Jenkins guilt in this matter was determined by the jury on the basis of the evidence presented at trial, and not at the grand jury. As such, Mr. Jenkins has failed to meet his burden of proving that he is entitled to habeas corpus relief on the basis of the grand jury proceedings.

18.    Even assuming, *arguendo*, that Mr. Jenkins' counsel had provided ineffective, incompetent assistance, Mr. Jenkins claim for relief on this basis would nevertheless fail, because Mr. Jenkins suffered no prejudice as a result of any alleged conduct on the part of his counsel. Specifically, after consideration of the first prong regarding counsel's performance, if it is determined that defense counsel acted incompetently, then it is necessary to address the second prong of the *Miller/Strickland* test, by determining whether such incompetence resulted in any

prejudice to Mr. Jenkins. "To demonstrate prejudice, a defendant must prove there is a 'reasonable probability' that, absent the errors, the jury would have reached a different result." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. Mr. Jenkins has failed to meet this burden by failing to show that, but for counsel's errors, the results of the proceedings would have been different. Absent any prejudice to Mr. Jenkins as a result of some conduct or omission on the part of his counsel, Mr. Jenkins cannot prevail on his claim for post-conviction relief on the basis of ineffective assistance of counsel.

Accordingly, for the reasons set forth in the foregoing opinion, the Court is of the opinion to and does hereby **ORDER** the following:

(1) the relief requested in the "Petition Under W.Va. Code § 53-4A-1 For Writ of Habeas Corpus" filed by the Petitioner, Ross Jenkins, shall be, and the same is, hereby **DENIED**;

(2) the Petitioner's convictions and accompanying sentences shall, and do, hereby remain in full force and effect; and

(3) the "Petition Under W.Va. Code § 53-4A-1 For Writ of Habeas Corpus" filed by the Petitioner, Ross Jenkins, shall be, and the same is, hereby **DISMISSED**, without the necessity of a hearing.

The Court directs the Circuit Clerk of Marion County to provide certified copies of this "Order Denying Relief Sought in Petition for Writ of Habeas Corpus" to: Ross Jenkins #3570732, at his address: Huttonsville Correctional Center, PO Box 1, Huttonsville, West Virginia 26273-0001; and to Jeffrey Freeman, Prosecuting Attorney for Marion County, at his address: 213 Jackson Street, Fairmont, West Virginia, 26554.

The Circuit Clerk is further ordered to remove this case from the Court's docket.

/s/ David R. Janes
Circuit Court Judge
16th Judicial Circuit